United States District Court
Southern District of Texas
**ENTERED**
March 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEVON RASHAAD WRIGHT-NASALSKI, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:24-CV-00276 |
| WARDEN, FCI THREE RIVERS, | § § § | |
| Respondent. | § § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Petitioner Devon Rashaad Wright-Nasalski filed this petition for writ of habeas corpus pro se, under 28 U.S.C. § 2241. D.E. 1. He challenges the way the Bureau of Prisons (BOP) calculated his sentence and seeks to receive roughly two years of credit for time served in state custody. Now pending before the Court is Respondent's construed motion for summary judgment (D.E. 12, 13). On September 22, 2025, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R), recommending that the Court deny the construed motion and grant the petition for writ of habeas corpus. D.E. 19. Both parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Respondent filed timely objections to the M&R (D.E. 24), and Petitioner filed a response (D.E. 29).

1

After review, the Court **OVERRULES** Respondent's objections (D.E. 24), **ADOPTS** the M&R in its entirety (D.E. 19), and **DENIES** Respondent's construed motion for summary judgment (D.E. 13). Accordingly, the Court **GRANTS** the petition for writ of habeas corpus and **ORDERS** that Petitioner's sentence be recalculated to credit his time in state custody, as further explained below.

**STANDARD OF REVIEW**

A district court must review de novo any portion of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. Fed. R. Civ. P. 72(b). Objections must point out with sufficient particularity any alleged error in the magistrate judge's analysis; otherwise, they do not constitute proper objections and will not be considered. *Id.*; *see Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("[P]arties filing objections must specifically identify those findings objected to."); *Edmonds v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review not invoked when petitioner merely re-urges arguments contained in original petition).

After considering proper objections, the district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. Fed. R. Civ. P. 72(b). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

2

## THE ISSUE

There are three sentences at issue here, each imposed in 2019. First, Judge O'Connor revoked Petitioner's federal supervised release and sentenced him to 14 months in custody, which under the law was presumed to run consecutively to Petitioner's future state sentence.[1] Then Judge McBryde sentenced Petitioner to 100 months in custody on his federal charge, to run concurrently with any future state sentence arising from his state drug charge. This 100-month sentence was to also run consecutive to the 14-month sentence. Last, upon conviction in state court, Petitioner was sentenced to 24 months in custody. Because Petitioner was under the primary jurisdiction of the state, he served his state sentence first, even though it was imposed last.

After completing the state sentence, Petitioner was returned to federal custody to serve the federal sentences. The BOP, per statute, aggregated the 14-month federal revocation sentence and the 100-month federal sentence, for a total of 114 months in federal custody. It did this by considering the 14-month sentence first and then adding the 100-month sentence (14+100). Because the 14-month sentence was to run consecutive to the state sentence and the 100-month sentence was to run consecutive to the 14-month sentence, the BOP ran the 114-month aggregated sentence consecutive to the state sentence. This is visually represented as:

| 24-month state sentence | 14-month federal revocation sentence | 100-month federal sentence<br><br>(114 months aggregated) |
|---|---|---|

---

[1]   Judge O'Connor later responded to a BOP letter, clarifying that the sentence should run consecutively to the state sentence.

Consequently, Judge McBryde's order that the 100-month federal sentence run concurrently with the 24-month state sentence was not honored.

To give effect to Judge McBryde's order that the state and federal sentence run concurrently, the Magistrate Judge recommended that the 100-month sentence be considered first and then add the 14-month sentence (100+14). Because the 100-month sentence was to run concurrent with the state sentence, 24 months of the aggregated sentence would run concurrent with the state sentence. D.E. 19, p. 9. This is visually represented as:

| 100-month federal sentence | 14-month federal revocation sentence |
|---|---|
| 24-month state sentence | |

In that way, the term of the state sentence runs concurrent with the 100-month federal sentence, as Judge McBryde intended.

## RESPONDENT'S OBJECTIONS

Respondent objects to the Magistrate Judge's recommendation in several respects. First, it notes that the recommendation does not comply with Judge McBryde's order that the 100-month sentence run consecutively to the 14-month sentence. D.E. 24, p. 10. It argues that Judge McBryde's order means that the 100-month sentence, ordered to run

consecutive to the 14-month sentence, must follow the 14-month sentence, not precede it. *Id.*

Second, Respondent objects that the Magistrate Judge's recommendation fails to comply with the statutory mandates, namely the aggregation statute, that control how sentences interact. *Id.* at pp. 6-7. Specifically, Respondent points to the following statutes:

- 18 U.S.C. § 3584(c): multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

- 18 U.S.C. § 3584(a): multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

- 18 U.S.C. § 3585(a): a sentence to a term of imprisonment commences on the date the prisoner is received into the exclusive custody of the Attorney General of the United States.

*Id.* Respondent claims that it is not possible to comply with each of these statutory commands and the orders from Judge McBryde and Judge O'Connor. *Id.* at pp. 10-11.

Third, Respondent objects that the Magistrate Judge's recommendation does not comply with Judge O'Connor's order that the 14-month sentence run consecutive to the 24-month state sentence. *Id.* at pp. 10-11.

**DISCUSSION**

Respondent's objections boil down to: (1) whether the sentencing judges' orders to run certain sentences consecutive require a specific ordering of the sentences, and (2) whether the Magistrate Judge's recommendation violates the aggregation statute.

Respondent argues that "to run consecutively to" "means the 100-month sentence must follow the 14-month sentence, and the 14-month sentence must follow the 24-month state sentence, in that order." D.E. 24, p. 10.  ("The BOP cannot flip the order of sentences to give effect to one part of Judge McBryde's order and not another.").

The only authority Respondent provides to support the argument that "consecutive to" implies a specific order is a citation to the term "consecutive sentences" in the Fifth Edition of Black's Law Dictionary. *Id.* There, the term's definition is as follows: "When one sentence of confinement is to follow another in point of time, the second sentence is deemed to be consecutive." *Consecutive Sentences*, Black's Law Dictionary (5th ed. 1979). Later editions, from the Seventh Edition onward, define the term as: "Two or more sentences of jail time to be served in sequence. For example, if a defendant receives consecutive sentences of 20 years and 5 years, the total amount of jail time is 25 years." *Consecutive Sentence*, Black's Law Dictionary (7th ed. 1999). This definition does not imply that "consecutive sentences" specifies an order among two sentences, just that they be served in sequence, rather than concurrently or with time in between. Therefore, the Court agrees with the Magistrate Judge's recommendation regarding the sequencing of the sentences.

Respondent also argues that the Magistrate Judge's recommendation violates the aggregation statute. However, Respondent fails to explain how the consideration of the 24-month state sentence affects the aggregation of the federal sentences, as a single, continuous 114-month sentence. The Court finds that the Magistrate Judge's recommendation achieves the fundamental intent of both sentencing orders, while maintaining the ability to aggregate the federal sentences. The Court agrees with the recommendation, and Respondent's objections are thus **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law and recommendations set forth in the Magistrate Judge's M&R, as well as Respondent's objections and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Respondent's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 19).

Accordingly, the Court **DENIES** Respondent's construed motion for summary judgment (D.E. 13). The petition for writ of habeas corpus is thus **GRANTED**, and **IT IS ORDERED** that Petitioner's sentence be recalculated to credit his time in state custody as explained above.

**ORDERED** on March 20, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

7